**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KUECKER EQUIPMENT CO., INC., | ) | Case No. 05-49715-ABF |
| | ) | |
| Debtor. | ) | |
| KUECKER EQUIPMENT CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 06-04085-ABF |
| | ) | |
| THOMAS V. GARVEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER OF DEFENDANT TO AMENDED COMPLAINT**

COMES NOW defendant Thomas V. Garvey ("Garvey"), and for the Answer of Defendant to Amended Complaint respectfully states:

1. Garvey admits the allegations and averments set forth in paragraph number 1 of the Amended Complaint.

2. Paragraph number 2 of the Amended Complaint sets forth legal conclusions that are within the exclusive purview of the Court and thus are not the proper subject for admission or denial by Garvey.

3. Garvey admits the allegations and averments set forth in paragraph number 3 of the Amended Complaint.

4. Garvey admits the allegations and averments set forth in paragraph number 4 of the Amended Complaint.

5. Garvey lacks sufficient knowledge or information to admit or deny the allegations and averments set forth in paragraph number 5 of the Amended Complaint with respect to Cirrus Tech and Diamond Phoenix Corporation and thus denies the same. Garvey admits the remaining allegations and averments set forth in paragraph number 5 of the Amended Complaint.

6. Garvey admits the allegations and averments set forth in paragraph number 6 of the Amended Complaint.

7. Garvey admits the allegations and averments set forth in paragraph number 7 of the Amended Complaint.

8. Garvey admits the Employment Agreement, which speaks for itself, provided, in part, that Garvey was entitled to commissions and that debtor and plaintiff Kuecker Equipment Co., Inc. ("Debtor"), and Key Management Systems, Inc., would transfer to Garvey voting shares equal to 33% of the diluted, issued or contracted to issue stock in the Debtor and Key Management Systems, Inc. Garvey denies the remaining allegations and averments set forth in paragraph number 8 of the Amended Complaint to the extent they differ from the aforesaid.

9. Garvey admits the allegations and averments set forth in paragraph number 9 of the Amended Complaint.

10. The Corrected Final Judgment marked as Exhibit B to the Amended Complaint speaks for itself. Garvey admits the remaining allegations and averments set forth in paragraph number 10 of the Amended Complaint.

11. Garvey admits the allegations and averments set forth in paragraph number 11 of the Amended Complaint.

12.   The Forms 1099-MISC that comprise Exhibit C attached to the Amended Complaint speak for themselves.  Garvey denies the remaining allegations and averments set forth in paragraph number 12 of the Amended Complaint.

13.   Garvey denies the allegations and averments set forth in paragraph number 13 of the Amended Complaint.

14.   Garvey admits that Diamond Phoenix Corporation paid to him the sum of $46,246.28 during 2004 as reflected in the Form 1099-MISC that comprises Exhibit D attached to the Amended Complaint, which speaks for itself.  Further, Garvey denies the remaining allegations and averments set forth in paragraph number 14 of the Amended Complaint.

### COUNT I—Mandatory Subordination Under §510(b)

15.   Garvey incorporates by reference his responses set forth in paragraph numbers 1 through 14, inclusive, hereof as though fully set forth herein.

16.   Garvey admits the allegations and averments set forth in paragraph number 16 of the Amended Complaint.

17.   Garvey denies the allegations and averments set forth in paragraph number 17 of the Amended Complaint.

### COUNT II—Equitable Subordination Under §510(c)

18.   Garvey incorporates by reference his responses set forth in paragraph numbers 1 through 17, inclusive, hereof as though fully set forth herein.

19.   Garvey denies having committed inequitable or wrongful conduct and thus denies the allegations and averments set forth in paragraph number 19 of the Amended Complaint.

### COUNT III—Conversion

20. Garvey incorporates by reference his responses set forth in paragraph numbers 1 through 19, inclusive, hereof as though fully set forth herein.

21. Garvey denies having committed inequitable or wrongful conduct and thus denies the allegations and averments set forth in paragraph number 21 of the Amended Complaint.

22. Garvey denies having committed inequitable or wrongful conduct and thus denies the allegations and averments set forth in paragraph number 22 of the Amended Complaint.

23. Garvey denies having committed inequitable or wrongful conduct and thus denies the allegations and averments set forth in paragraph number 23 of the Amended Complaint.

24. Garvey denies having committed inequitable or wrongful conduct and thus denies the allegations and averments set forth in paragraph number 24 of the Amended Complaint.

### COUNT IV—Turnover Under §542(a)

25. Garvey incorporates by reference his responses set forth in paragraph numbers 1 through 24, inclusive, hereof as though fully set forth herein.

26. Garvey denies having committed inequitable or wrongful conduct and thus denies the allegations and averments set forth in paragraph number 26 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

27. The Amended Complaint is barred by the doctrines of *res judicata* and collateral estoppel.

28. The Debtor is barred from seeking equitable relief in the Amended Complaint by the doctrine of unclean hands.

29. Garvey has not filed a proof of claim in the bankruptcy case and the allegations made and relief sought in the Amended Complaint based on any claim alleged to be held by him are premature and not ripe for adjudication.

30. The Amended Complaint fails to state forth a claim upon which relief can be granted.

WHEREFORE, having fully answered the Amended Complaint, Garvey respectfully prays for judgment in his favor and against the Debtor, and that such judgment award to Garvey his costs and expenses, including attorneys' fees, and grant such further relief as the Court deems just.

GALLAS & SCHULTZ

/s/ Jerald S. Enslein
Alan B. Gallas     MBE#26874
Jerald S. Enslein   MBE #30040
Suite 200
9140 Ward Parkway
Kansas City, Missouri  64114
816.822.8100 Telephone
816.822.8222 Facsimile
jsenslein@gallas-schultz.com

        SCHULTZ & LITTLE, L.L.P.

        /s/ Robert Schultz
        Robert Schultz   MBE #35329
        640 Cepi Drive
        Suite A
        Chesterfield, Missouri  63005-1221
        636.537.4645 Telephone
        636.537.2599 Facsimile
        rschultz@sl-lawyers.com

        ATTORNEYS FOR DEFENDANT
        THOMAS V. GARVEY

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of  July, 2006, the above and foregoing was filed electronically with the Clerk of the Court pursuant to the Case Management/Electronic Case Filing system of the Court, and electronic notice of such filing was served by the Office of the Clerk upon parties in interest registered in such Case Management/Electronic Case Filing system with respect to this case.

        /s/ Jerald S. Enslein
        JERALD S. ENSLEIN, ATTORNEY FOR
        DEFENDANT THOMAS V. GARVEY